NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARY K. BOWLES: BEY,

        Plaintiff,

v.

STATE OF NEW JERSEY, ET AL, :

        Defendants.

Civil Action No. 11-05253 (CCC)

OPINION & ORDER

**CECCHI, District Judge.**

Whereas on September 13, 2011, *pro se* Plaintiff Mary K. Bowles: Bey ("Plaintiff") filed a notice of removal and an application to proceed *in forma pauperis* (ECF No. 1.); and

Whereas it appears that Plaintiff seeks to remove a municipal summons issued by the Neptune Township Municipal Court (ECF No. 1.); and

Whereas Plaintiff asserts that removal was proper pursuant to 28 U.S.C. §§ 1331 and 1332, in addition to 18 U.S.C. §§ 241, 242, and 1030; and

Whereas "a federal district court may not exercise jurisdiction over a municipal court proceeding." *El Bey v. N. Brunswick Mun. Ct.*, No. 08-2825, 2008 U.S. Dist. LEXIS 47647, *3 (D.N.J. June 19, 2008) (citing *Janciga v. Vora*, 257 Fed. Appx. 530, 530-31 (3d Cir. 2007) (appeal dismissed from an order dismissing "notice of removal" of matter regarding traffic citation), *Janciga v. Vora*, 238 Fed. Appx. 760, 761 (3d Cir. 2007) (appeal dismissed from an order dismissing "notice of removal" of proceeding regarding citation for municipal code violation), *Pa. v. Vora*, 204 Fed. Appx. 134, 136 (3d Cir. 2006) (appeal dismissed from an order

1

dismissing "petition for removal" of municipal court matter relating to municipal code violation), *Pa. St. Police v. Vora*, 140 Fed. Appx. 433, 433 (3d Cir. 2005) (appeal dismissed from an order dismissing "notice of removal" of traffic court issue, as district courts are not afforded jurisdiction over challenges to state traffic citations) (internal footnote omitted)); and

Whereas Plaintiff's alleged status as an "Aboriginal Indigenous Moorish American" does not confer jurisdiction here. *Id.* (citing *Hawkins-El v. County of Wayne*, No. 08-10652, 2008 U.S. Dist. LEXIS 11865, 2008 WL 474095, *1 (E.D. Mich. Feb. 19, 2008) (complaint dismissed where plaintiff asserted jurisdiction as "sovereign Moor of the Washitaw Empire"), *Benton-El v. Odom*, No. 05-242, 2007 U.S. Dist. LEXIS 44270, 2007 WL 1812615, *6 (M.D. Ga. June 19, 2007) (magistrate Judge's recommendation adopted where no jurisdiction found by plaintiff claiming to be "Moorish American citizen"), *Halabi v. Fields*, No. 06-12203, 2006 U.S. Dist. LEXIS 55210, 2006 WL 2161338, at *1-2 (E.D. Mich. July 28, 2006) (motion to remand landlord-tenant action granted; no jurisdiction found based on defendant's claim of rights as "Sovereign American Moors under the Treaty of 1786"), *King v. Corp. of U.S.*, No. 05-72849, 2005 U.S. Dist. LEXIS 34174, 2005 WL 3320866, *1-4 (E.D. Mich. Dec. 7, 2005) (motion to dismiss complaint seeking halt of action for failure to pay child support granted; no jurisdiction found based on plaintiff's assertion of being "Sovereign Indigenous Moor"), *Hedrick v. Coleman*, No. 05-73707, 2005 U.S. Dist. LEXIS 25302, 2005 WL 2671327, *1-2 (E.D. Mich. Oct. 19, 2005) (complaint dismissed where plaintiffs alleged state foreclosure action "violates their rights as Sovereign American Moors," as "[s]uch status is not enough, in itself, to vest the Court with subject matter jurisdiction"), *Great Seal Moorish Sci. Temple v. N.J.*, No. 05-345, 2005 U.S. Dist. LEXIS 21550, 2005 WL 2396311, *1 (E.D. Pa. Sept. 28, 2005) (motion to dismiss granted on civil rights claim for impounding of car; jurisdiction found lacking on

assertions that plaintiffs (1) are of Moorish descent and thus not American citizens, (2) possess special rights, and (3) are not subject to American Law));

IT IS on this 25th day of January, 2012, ORDERED as follows:

1. Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 1.)
2. The clerk is directed to file Plaintiff's Complaint.
3. This action is remanded to Neptune Township Municipal Court as this Court lacks jurisdiction.

_____
CLAIRE C. CECCHI, U.S.D.J.

DATED: January 25, 2012